# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY ANDRA NELSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 12-CV-644-JHP-TLW |
| JUSTIN JONES, D.O.C. Director, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 8). Respondent asserts that the petition should be dismissed because Petitioner is not in custody pursuant to the challenged judgment of conviction. In the alternative, Respondent asserts that the claim is unexhausted and that petition is time barred under 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). See Dkt. # 9. Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 11) to the motion to dismiss. For the reasons discussed below, the Court lacks jurisdiction to consider a direct challenge to Petitioner's discharged sentence because he has failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). Furthermore, to the extent Petitioner challenges his current sentence based on improper enhancement, the claim is unexhausted and procedurally barred. Therefore, Respondent's motion to dismiss shall be granted. Any claim directly challenging Tulsa County District Court Case No. CF-2008-2281 shall be dismissed without prejudice for lack of subject matter jurisdiction. Any claim challenging Tulsa County District Court Case No. CF-2009-4421 shall be denied as procedurally barred.

## BACKGROUND

In his petition (Dkt. # 1), Petitioner lodges a direct challenge to the validity of his convictions entered in Tulsa County District Court, Case No. CF-2008-2281. In that case, Petitioner entered pleas of guilty to Possession of a Controlled Drug (Count I), Possession of Drug Paraphernalia (Count II), and Driving Under Suspension (Count III), on October 14, 2008. See Dkt. # 9, Ex. 3. The trial judge sentenced Petitioner to two (2) years suspended (Count I), one year suspended (Count II), and a fine of $50.00 (Count III), with the sentences to be served concurrently. Id. Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Id. On November 24, 2009, Petitioner confessed the State's application to revoke and he was sentenced to two (2) years in custody of the Oklahoma Department of Corrections. He did not appeal the revocation of his suspended sentences.

Almost two (2) years passed before Petitioner first challenged his convictions entered in Case No. CF-2008-2281. On November 17, 2011, Petitioner filed an application for post-conviction relief. Id. On January 26, 2012, the trial judge held an evidentiary hearing on the motion. Id. On that date, the judge directed counsel to supplement the record and continued the evidentiary hearing to February 10, 2012. Id. On February 6, 2012, counsel for Petitioner filed supplemental information. Id. On February 10, 2012, the evidentiary hearing was concluded and the trial judge denied the application for post-conviction relief. Id. Petitioner appealed to the OCCA. By order filed October 9, 2012, see www.oscn.net, the OCCA affirmed the denial of post-conviction relief.

In his supporting brief (Dkt. # 2), Petitioner makes a fleeting reference to subsequent convictions entered in Tulsa County District Court, Case No. CF-2009-4421. The record reflects that in that case, on November 24, 2009, Petitioner entered a plea of guilty to Trafficking in Illegal Drugs (Count I), and a plea of nolo contendere to Acquiring Proceeds from Drug Activity (Count II), both

after prior convictions. See Dkt. # 9, Ex. 5. On that date, the trial judge sentenced Petitioner to twenty-five (25) years imprisonment on Count I, and four (4) years imprisonment on Count II, with the sentences ordered to be served concurrent with CF-09-3821, CF-09-2812, and CF-08-2281. Id. Petitioner did not move to withdraw his pleas and did not otherwise perfect a certiorari appeal to the OCCA. Id. On September 30, 2011, Petitioner filed an application for post-conviction relief. Id. The district court held an evidentiary hearing on the applications for post-conviction relief filed in CF-2009-4221 and CF-2008-2281 at the same time. See Dkt. # 9, Exs. 3 and 5. On February 10, 2012, at the conclusion of hearing, the district court denied post-conviction relief. Id. Although a post-conviction appeal was docketed in Case No. CF-2008-2281, no post-conviction appeal was docketed in Case No. CF-2009-4221. Id., Ex. 5.

In his federal petition for writ of habeas corpus (Dkt. # 1), filed November 21, 2012, Petitioner states that he is challenging the judgment of conviction entered in Tulsa County District Court, Case No. CF-2008-2281. He raises one (1) ground of error: "Petitioner's plea was not entered in a knowing and voluntary manner, thus the conviction should be reversed and/or he should be allowed to withdraw his plea." Id. at 4. He also acknowledges that the sentences entered in Case No. CF-2008-2281 had been discharged when he filed his petition. Id. at 12; see also Dkt. # 2 at 17.

## *ANALYSIS*

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254; accord Maleng v. Cook, 490 U.S. 488, 490-91 (1989). As such, federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence. "[O]nce the

3

sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

In this case, Petitioner directly challenges the validity of his convictions entered in Case No. CF-2008-2281 and he readily acknowledges that he had discharged his sentences entered in Case No. CF-2008-2281 before he filed his petition for writ of habeas corpus. As a result, the Court lacks subject matter jurisdiction to consider his claim. However, the Court recognizes that Petitioner is presently serving another sentence, entered in Tulsa County District Court, Case No. CF-2009-4221. See Dkt. # 9, Ex. 5. The sentences entered in that case were ordered to be served concurrently with sentences entered in other cases, including the sentences entered in CF-2008-2281. Id. The Supreme Court has held that a "prisoner serving *consecutive* sentences is 'in custody' under any one of them" for purposes of filing a petition for a writ of habeas corpus. Garlotte v. Fordice, 515 U.S. 39, 45-46 (1995) (emphasis added). The state court in this case ordered the twenty-five (25) year sentence of imprisonment in Case No. CF-2009-4221 to run *concurrently* with the conviction now under attack. Thus, this situation differs from that in Garlotte because even if the Court were to grant relief from the sentence in Case No. CF-2008-2281, Petitioner would not be entitled to release due to the concurrent sentence in Case No. CF-2009-4221. Therefore, the holding in Garlotte does not apply in this case. The claim raised in this petition directly challenges the conviction entered in Case No. CF-2008-2281 and shall be dismissed without prejudice for lack of subject matter jurisdiction because Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254.

The Court recognizes that when a prisoner's current sentence was enhanced with an allegedly improper prior conviction, the "in custody" requirement can be satisfied by framing the claim as a

challenge to the current sentence as enhanced or lengthened by the former conviction. See Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 396 (2001). In his petition (Dkt. # 1), Petitioner states that he is "now serving" sentences entered in Tulsa County cases CF-2009-4221, CF-2009-2812, CF-2009-3824. Nowhere in his petition does he allege that his current sentence was improperly enhanced with the challenged conviction, entered in Tulsa County Case no. CF-2008-2281. However, in his supporting brief (Dkt. # 2), Petitioner does explicitly state that "it is important that he successfully challenge the expired conviction because it was used to enhance a sentence he is now serving, CF-2009-4221. Petitioner is seeking reversal of his conviction in CF-2008-2281 so that he can challenge his sentence in case CF-2009-4221." See Dkt. # 2 at 17.

Based on "considerations relating to the need for finality of convictions and ease of administration," a habeas petitioner whose "state conviction is no longer open to direct or collateral attack in its own right because the [petitioner] failed to pursue [appeal or other post-conviction] remedies while they were available (or because the [petitioner] did so unsuccessfully)" generally may not later challenge a sentence enhanced by the previous conviction under § 2254 "on the ground that the prior conviction was unconstitutionally obtained." Lackawanna, 532 U.S. at 403-04. Under these circumstances, the conviction is deemed "conclusively valid." Id. at 403.

There are limited exceptions to this rule, as recognized in Lackawanna. When an indigent defendant was not appointed counsel, this "unique constitutional defect" warrants federal habeas review of a sentence enhanced by a prior, allegedly-unconstitutional conviction. Id. at 404. In Petitioner's case, the docket sheet for Case No. CF–2008–2281 reflects that Petitioner was represented by counsel and he does not allege that he was not represented by counsel. Thus, this limited exception to the rule announced in Lackawanna does not apply. However, giving liberal

5

construction to Petitioner's allegations, it could be argued that Petitioner has obtained "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner."[1] See Lackawanna, 532 U.S. at 405 (describing other circumstances in which a petitioner cannot be faulted for failing to obtain timely review of a constitutional claim concerning a prior conviction).

"Crucial to the Lackawanna exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief [,] including, for example, exhaustion of remedies.'" McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009) (quoting Lackawanna, 532 U.S. at 404). Even assuming that the instant petition may be construed as a challenge to Petitioner's 2009 convictions based on improper enhancement with the allegedly unconstitutional 2008 convictions, Petitioner has not demonstrated that he exhausted available state court remedies as to his claim that his 2009 sentences were improperly enhanced with his 2008 convictions. In fact, the record reflects that Petitioner's improper enhancement claim is unexhausted. As stated above, Petitioner did not perfect a certiorari appeal. In addition, in his application for post-conviction relief, filed in Tulsa County District Court, Case No. CF-2009-4221, Petitioner did not raise a claim based on improper enhancement of his sentences. See Dkt. # 9-6, Ex. 6. The record further reflects that no post-conviction appeal was filed as to the denial of post-conviction relief in Case No. CF-2009-4221. Therefore, even if Petitioner falls into

---

[1] Petitioner claims that, on June 7, 2011, he discovered "new evidence" of the unconstitutionality of his convictions, entered in Case No. CF-2008-2281, when the Tulsa World newspaper reported that Tulsa Police Officers Kaiser and Hill testified in the police corruption trial of Tulsa Police Officers DeBruin, Bonham, and Wells, held in this federal court. See Dkt. # 11, Ex. 1. According to Petitioner, the "new evidence" supports his claim that Tulsa Police Officers Kaiser, Hill, and Wells planted drugs on him resulting in his convictions entered in Case No. CF-2008-2281.

an exception recognized in Lackawanna, his improper enhancement claim has never been presented to the state courts of Oklahoma and is, therefore, unexhausted. Furthermore, because Petitioner did not raise the claim in a certiorari appeal or in his application for post-conviction relief, the claim of improper enhancement would be subject to imposition of an anticipatory procedural bar.[2] Petitioner has not shown cause or prejudice excusing his procedural default, or that he is actually innocent of the crimes for which he was convicted in Case No. CF-2009-4221. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Therefore, to the extent Petitioner claims that his sentences in Case No. CF-2009-4221 were improperly enhanced with his unconstitutional convictions entered in Case No. CF-2008-2281, the claim shall be denied as procedurally barred.

## *CONCLUSION*

The Court lacks subject matter jurisdiction to consider Petitioner's direct challenge to the validity of his convictions entered in Tulsa County District Court, Case No. CF-2008-2281. In addition, to the extent Petitioner challenges the enhancement of his sentences entered in Tulsa County District Court, Case No. CF-2009-4221, his claim is unexhausted and procedurally barred. Respondent's motion to dismiss petition for habeas corpus shall be granted.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of

---

[2] An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of this action are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 8) is **granted**.
2. Petitioner's direct challenge to the validity of his convictions entered in Tulsa County District Court, Case No. CF-2008-2281, is **dismissed without prejudice** for lack of subject matter jurisdiction.
3. To the extent Petitioner challenges the validity of the enhanced sentences entered in Tulsa County District Court, Case No. CF-2009-4221, the claim is **denied** as procedurally barred.

4. This is a final order terminating this action. A separate Judgment shall be entered in this case.

5. A certificate of appealability is **denied**.

DATED THIS 20th day of May 2013.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma